IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:17-CR-324 |
| FAIZAL BHIMANI and OM SRI SAI, INC., Defendants. | (JUDGE CAPUTO) |

### [PROPOSED] ORDER

Upon consideration of defendant Om Sri Sai, Inc.'s Motion *in Limine* to Permit the Admission of Evidence Regarding Potential Witnesses' Other Sexual Behavior or Predisposition at Trial, and the responses thereto, it is hereby **ORDERED** that Om Sri Sai, Inc.'s motion is **GRANTED**.

**IT IS SO ORDERED.**

                                                  **BY THE COURT:**

                                                  _____

                                                  Honorable A. Richard Caputo,
                                                  United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:17-CR-324 |
| FAIZAL BHIMANI and<br>OM SRI SAI, INC., | (JUDGE CAPUTO) |
| Defendants. | |

**DEFENDANT OM SRI SAI, INC.'S MOTION *IN LIMINE* TO PERMIT ADMISSION OF EVIDENCE REGARDING POTENTIAL WITNESSES' OTHER SEXUAL BEHAVIOR OR PREDISPOSITION AT TRIAL**

Defendant Om Sri Sai, Inc. (the "Company") respectfully submits this memorandum of law in support of its motion *in limine* to permit the admission of evidence regarding certain potential government witnesses' other sexual behavior and/or sexual predisposition under Federal Rule of Evidence 412 ("Rule 412"), or in the alternative, to defer any ruling on such evidence so the proffered examination or evidence can be analyzed in the proper context at trial.

The indictment charges the Company and an individual, Faizal Bhimani ("Bhimani"), with sex trafficking by force and coercion, 18 U.S.C. § 1591, sex trafficking by force and coercion conspiracy, 18 U.S.C. § 1594, drug trafficking conspiracy, 21 U.S.C. § 846, and managing a drug premises, 21 U.S.C. § 856. *See* Dkt. No. 1 (Indictment). The Company operates a Howard Johnson's motel (the "Howard Johnson"). Bhimani is a manager at the motel. Although the indictment

is devoid of any specific factual allegations, as relevant to this motion, the gist of it is that Bhimani—and by extension the Company—knowingly or with reckless disregard permitted sex trafficking on its premises.

The Company expects that, to substantiate the sex trafficking charges, the Government will seek to admit evidence that prostitutes who operated out of the Howard Johnson were forced to engage in commercial sex acts by their pimps through force, threats of force, fraud and/or coercion. Should the Government attempt to introduce such evidence through the testimony of witnesses who were allegedly prostitutes at the Howard Johnson, the Company intends to cross-examine those witnesses regarding—and introduce evidence about—their prior and subsequent prostitution activities.[1] Thus, for the following reasons, the Company moves under Rule 412(c) for an order permitting the introduction of evidence regarding the witnesses' prior and subsequent prostitution-related acts.

Preliminarily, the Company notes that the Government has not disclosed the identity of any of its witnesses for trial. As such, the Company is unable to "specifically describe[] the evidence and state[] the purpose for which it is to be offered," Fed. R. Evid. 412(c)(1)(A), or "notify the victim," Fed. R. Evid. 412(c)(1)(D). However, the Company represents—on information and belief—that

---

[1] The terms "prior" and "subsequent" refer to prostitution conduct that occurred before and after the period of alleged criminal conduct at issue in the indictment.

the Government intends to offer the testimony of individuals who will state, *inter alia*, that they engaged in prostitution at the Howard Johnson, were in the thrall of drugs supplied by their pimps, were not paid by their pimps for their commercial sex work, and/or were subjected to violence or threats of violence by their pimps.

The Company also represents that some (or all) of these likely Government witnesses engaged in prostitution—for which some were criminally convicted—both before and after the conduct at issue in this case. To be clear, the Company does not contend that this evidence is admissible to show that the Government's witnesses have a propensity to engage in acts of prostitution. Rather, as discussed below, should the Government call these witnesses, the admission of this evidence on cross-examination—including criminal acts for which there is a public record of conviction—is highly relevant for showing, *inter alia*, the witnesses' bias, the witnesses' motive to lie about whether their prostitution activities here were voluntary or forced, and the witnesses' motive to engage in prostitution.

The Company anticipates the Government will object to the cross-examination of its witnesses on this basis—and to the admission of evidence regarding the witnesses' prostitution-related conduct—under Rule 412. Rule 412 generally prohibits the introduction "in a civil or criminal proceeding involving alleged sexual misconduct" of "evidence offered to prove that a victim engaged in other sexual behavior" and "evidence offered to prove a victim's sexual

3

predisposition." Fed. R. Evid. 412(a). However, at minimum, Rule 412 should not—indeed cannot—provide a basis for excluding highly relevant and probative evidence regarding a witnesses' prior and subsequent acts of prostitution which resulted in criminal conviction. As discussed below, because the stated purpose of Rule 412 is to provide privacy protections to victims of sexual misconduct, it is inapplicable where—as here—evidence regarding an alleged victim's prostitution activities is documented in a public guilty plea or criminal conviction.

Additionally, the exclusion under Rule 412 is not absolute. In this regard, Rule 412 is inapplicable in a criminal case where—as is also the case here—precluding relevant evidence that might otherwise fall within the rule's exclusion "would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). Here, as outlined below, even if information about the potential witnesses' prostitution conduct is not publicly available, the categorical exclusion on cross-examination about witnesses' prior and subsequent prostitution-related acts would deny the Company its rights under the Sixth Amendment's Confrontation Clause.

Indeed, cross-examination and evidence about these witnesses' prior and subsequent prostitution activities is essential to establishing that their conduct at issue here was not the result of any force, threats of force, fraud and/or coercion. Further, while the Company has not been told the identities of the Government's prostitute witnesses, it is submitted that any such witnesses have a clear motive to

lie about whether or not they voluntarily engaged in commercial sex transactions. On the one hand, if they acted voluntarily, they are admitting to the crime of prostitution for which they could face state prosecution, conviction and imprisonment. On the other hand, if they fabricate and testify to details of physical abuse, drug addiction and the like, they are portrayed as "victims" of sex trafficking, avoid prosecution and imprisonment, and become Government witnesses.

Investigative reports produced by the Government in sex trafficking cases invariably include a narrative of prior and/or subsequent prostitution acts. Nevertheless, acts of prostitution alone are insufficient to prove the crime of sex trafficking. Instead, the Government must show the Company knew that "force, fraud, or coercion" was used to cause a person to engage in a commercial sex act. *United States v. McIntyre*, 612 F. App'x 77, 79 (3d Cir. 2015).

With this context, this Court must protect the Company's right to confront prostitute witnesses regarding the clear bias inherent in minimizing their own criminal conduct and presenting themselves as victims. *See Davis v. Alaska*, 415 U.S. 308, 318 (1974) (holding that a criminal defendant's confrontation right was violated when the lower court refused to allow defense counsel to impeach the credibility of a prosecution witness by cross-examination directed at bias); *see also Olden v. Kentucky*, 488 U.S. 227, 232 (1988) (providing that a defendant in a rape case had right to inquire into alleged victim's cohabitation to show bias).

I. **ARGUMENT**

   a. **Rule 412 is Inapplicable When a Witnesses' Prior or Subsequent Sexual Behavior or Predisposition is a Matter of Public Record**

At minimum, Rule 412 cannot prohibit the cross-examination of a witness regarding prior and/or subsequent prostitution activities that have been prosecuted and resulted in a guilty plea and conviction. Such activities are encompassed in public records and are therefore beyond the rule's intended reach.

As support for this proposition, one need look no further than the Advisory Committee Notes for Rule 412 which provide, in relevant part, that "[t]he rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Fed. R. Evid. 412 advisory committee's note (1994 Amendment). In that way, the rule is intended to "encourage[] victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." *Id.*

Simply, Rule 412's stated purpose is inapposite where the state courts maintain a readily searchable database of criminal prosecution records which can, and does, disclose the details of a witness' prosecution and conviction for prostitution and prostitution-related offenses. Indeed, except in those very rare instances when records are sealed, criminal court records are widely available for public inspection. Moreover, docket activity, including records of charges, guilty

pleas, convictions and sentences are available online in Pennsylvania and virtually every other state. *See, e.g.*, https://ujsportal.pacourts.us/DocketSheets/CP.aspx.

To be clear, the Company is sympathetic to the difficult circumstances that oftentimes leads women to engage in prostitution and does not contend that prostitutes convicted of criminal offenses can never be "victims" of sexual misconduct. However, the fact remains that—in balancing the interests of such prostitute witnesses' under Rule 412 against the Company's indisputable confrontation right—any privacy interests those prostitute witnesses may have is severely diminished where there is already a public record of conviction documenting their conduct. *See United States v. Maynes*, 880 F.3d 110, 116 (4th Cir. 2018) (affirming the district court's use of a balancing test to determine the admissibility of prior prostitution activities).

Accordingly, records of prostitution-related criminal offenses are not exempted from public disclosure at trial under Rule 412. To be sure, it would altogether defy logic for relevant evidence of a witness' past sexual crimes to be barred at trial to prevent "the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details," yet at the same time, be readily accessible in public records.

As such, at the very least evidence of a Government witness' prostitution-related convictions should be allowed at trial.

### b. Evidence of Witnesses' Prior and Subsequent Sexual Behavior and Predisposition is Relevant, Probative and Non-Prejudicial and Therefore Admissible

Additionally, preclusion of cross-examination of Government witnesses on prior and subsequent prostitution-related activity would seriously and irreparably impair the Company's Sixth Amendment right to confront witnesses against it.

The Sixth Amendment's Confrontation Clause guarantees the right of a criminal defendant "to be confronted with the witnesses against him." While this right is not absolute, it is settled that "[r]estrictions on a criminal defendant's rights to confront adverse witnesses and to present evidence may not be arbitrary or disproportionate to the purposes they are designed to serve." *Michigan v. Lucas*, 500 U.S. 145, 151 (1991) (citation and quotation marks omitted). On that basis, the Supreme Court limited a state rape-shield law when it impaired a defendant's confrontation right. *Olden v. Kentucky*, 488 U.S. 227, 231–32 (1988) (finding a confrontation clause violation occurred where the central issue was consent and the trial court barred evidence "from which jurors . . . could appropriately draw inferences relating to the reliability of the witness" and from which "a reasonable jury might have received a significantly different impression of the witness' credibility" (internal alterations, citations and quotation marks omitted)).

In this case, the Company and one of its employees are charged with sex trafficking offenses under federal law. Preliminarily, an essential element of the

Government's burden is showing the alleged acts of prostitution here were not voluntary, but rather were the result of force, threats, fraud or coercion. On this point, prostitutes who testify for the Government that their participation in alleged commercial sex work was the result of force, threats, coercion or fraud have an obvious motive to lie at trial if the alternative is that they subject themselves to prosecution and/or imprisonment for engaging in voluntary acts of prostitution. Because such witnesses have a clear motive to lie, evidence of their prostitution activities is highly probative of the truth of any testimony that their purported conduct here was involuntary. *See Davis*, 415 U.S. at 316–17 ("[T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.").

Moreover, in stark contrast to a typical sex trafficking case, the charges against the Company here are unique as the Company—a place of public accommodation—is not a party to the pimp-prostitute relationship. Rather, the Government's apparent theory is that the Company knowingly or with reckless disregard permitted sex trafficking to occur on its premises. To be sure, simple prostitution on the Company's premises would not suffice to sustain criminal liability on the sex trafficking charges against the Company.

As such, as thorny as the issue of force, threats or coercion is when a sex trafficking charge is levied against a prostitute's pimp or procurer, the fact that the

Company operates a motel—and is outside the pimp/prostitute relationship—drastically increases the difficulty in contesting this element. Indeed, a pimp defendant is a direct participant in the pimp/prostitute relationship and has more intimate knowledge of the facts and circumstances regarding voluntariness. In contrast, here the Company is extrinsic to that relationship, and as the owner of a place of public accommodation, the Company is subject to Federal anti-discrimination laws, which limit its ability to refuse service to customers, and state and federal privacy laws, which limit its ability to monitor their activities, particularly in the privacy of their motel rooms.

Altogether, the Company is at a severe disadvantage in defending these charges. This concern is especially apparent where, as here, prostitutes' likely testimony regarding the involuntary nature of their purported conduct is of the utmost importance because—in contrast to federal sex trafficking offenses—voluntary acts amount to state criminal offenses. Additionally, as prostitutes' testimony about their experiences is likely subject to limited corroboration, the Company's need to probe bias and deception in their trial testimony is particularly keen. *See Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986) ("[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose

to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'" (quoting *Davis*, 415 U.S. at 318)).

Admittedly, a number of courts—including a trial court in this district—have excluded evidence of a prostitute's other prostitution acts in sex trafficking cases. *See United States v. Taylor*, 352 F. Supp. 3d 409 (M.D. Pa. 2018); *see also, e.g., United States v. Carson*, 870 F.3d 584 (7th Cir. 2017); *United States v. Mack*, 808 F.3d 1074 (6th Cir. 2015); *United States v. Elbert*, 561 F.3d 771 (8th Cir. 2009). The Third Circuit, however, has declined to decide this issue. *See United States v. Williams*, 666 F. App'x 186, 201 (3d Cir. 2016) (concluding that a claimed error in excluding evidence of prior acts of prostitution was harmless in light of trial testimony that the prostitute in question worked voluntarily for the defendant and worked as a prostitute for 12 years prior to her involvement with the defendant).

In any event, *Taylor* is readily distinguishable as it did not involve a third party place of accommodation, but instead two pimps accused of directly using force, threats and coercion to compel commercial sex acts. Moreover, there is no indication of whether public records showed that the prostitutes in *Taylor* were criminally convicted of prior or subsequent prostitution-related activity. Further, and perhaps most importantly, it appears the defendants in *Taylor* sought to use the evidence of prior and subsequent prostitution activity only to show a propensity toward prostitution on the part of the Government's witnesses. The defendants in

11

*Taylor* did not seek to introduce the evidence to demonstrate the witnesses' clear bias and motive to fabricate testimony. As such, *Taylor* is inapposite.

Altogether, the myriad facts and circumstances which may arise in each prostitute's testimony are impossible to catalogue herein—especially when the Government has not identified its witnesses. Therefore, the Company cannot delineate or describe with any particularity what cross-examination or evidence it may seek to use at trial. However, on the foregoing, the Company submits that the Government is not entitled to a blanket exclusion of such cross-examination and evidence before trial. Rather, at minimum, the Company respectfully submits that the Court should reserve judgment and determine the admissibility of such highly relevant evidence in the context of each witness' particular circumstances and trial testimony. *See Gov't of Virgin Islands v. Jacobs*, 634 F. Supp. 933, 938 (D.V.I. 1986) ("When the accused makes a showing of proof that the victim has perjured herself or which otherwise significantly undermines her credibility, the protective policies of Rule 412 must give way to the accused's right of confrontation. A contrary view would provide a witness with an impermeable shield against contradiction of perjured testimony.").

## II. CONCLUSION

For the foregoing reasons, the Company respectfully requests that this Court grant its motion to permit the admission of evidence regarding potential witnesses' other sexual behavior or predisposition at trial.

Respectfully submitted,

Date: July 2, 2019

*/s/ William A. DeStefano*
William A. DeStefano
Terri A. Pawelski
Geoffrey R. Johnson (I.D. #36685)
Geoffrey R. Johnson (I.D. #324764)
Matthew C. Brunelli
STEVENS & LEE
1818 Market Street, 29th Floor
Philadelphia, PA 19103

# COMBINED CERTIFICATIONS

I, William A. DeStefano, counsel for defendant, Om Sri Sai, Inc., hereby certify the following:

1. Pursuant to Local Rule 7.1, I sought and was denied concurrence in this motion by counsel for the Government.

2. I caused a copy of this *Motion In Limine to Permit the Admission of Evidence Regarding Potential Witnesses' Sexual Behavior Or Predisposition At Trial* to be served electronically on the following counsel:

Bernard J. Brown, Esq.
58 8th Avenue
Cardondale, PA 18407

Sean A. Camoni, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office, Middle District of Pennsylvania
235 N. Washington Avenue, Suite 311
P.O. Box 309
Scranton, PA 18501-0309

Date: July 2, 2019                            /s/ William A. DeStefano
                                              William A. DeStefano