## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

FAIZAL BHIMANI,

Defendant.

NO. 3:17-CR-00324

(MANNION, J.)
(SAPORITO, M.J.)

FILED
WILKES BARRE
JUN 18 2020
PER
DEPUTY CLERK

## MEMORANDUM

This matter is before the court on the motion for pre-trial relief (Doc. 105) filed by the defendant, Faizal Bhimani, a federal inmate at the Lackawanna County Prison (LCP).

Bhimani, who is currently awaiting trial, seeks his release from custody based on prison conditions at the LCP and the inherent risk posed by his being confined in close quarters to a large number of other inmates during the COVID-19 global pandemic given his underlying health condition of high blood pressure with low blood glucose. Defense counsel filed a notice indicating that the parties have been unable to resolve the motion and that the assigned assistant United States attorney does not concur in his motion. (Doc. 108, at 1-2). Bhimani filed a brief in support of his motion (Doc. 110), and the government filed a

brief in opposition to the defendant's motion. (Doc. 109). The matter is ripe for a decision. For the reasons set forth herein, we will deny the motion.

## I.    Statement of Facts

A federal grand jury indicted Bhimani on October 24, 2017, charging him with sex trafficking by force, fraud, and coercion; conspiracy to distribute and possession with intent to distribute controlled substances; and maintaining a drug premises with respect to a Howard Johnson Hotel in Bartonsville, Pennsylvania. (Doc. 1). On July 9, 2019, the grand jury returned a superseding indictment, adding a second count of maintaining a drug premises with respect to the Pocono Plaza Inn in Stroudsburg, Pennsylvania. (Doc. 68 (sealed)). Both indictments contain a forfeiture allegation. On October 25, 2017, he appeared before the undersigned for an initial appearance and arraignment where he pled not guilty to the charges. (Doc. 13). At that time, he waived his right to a detention hearing without prejudice to requesting a detention hearing in the future. We ordered Bhimani detained. (Doc. 14). Thereafter, Bhimani filed two motions for release. (Doc. 25; Doc. 33). He withdrew his first motion for release on November

13, 2017, and the late Honorable A. Richard Caputo denied the second motion for release on December 4, 2017. (Doc. 30; Doc. 35). Bhimani has remained in custody.

If convicted of the charges contained in the indictment, Bhimani faces a maximum term of imprisonment greater than 10 years. Thus, it is undisputed that the presumption under 18 U.S.C. § 3142(e)(3) applies.[1] In its brief, the government proffered that Bhimani waived his *Miranda* rights and confessed to knowingly allowing multiple drug traffickers and sex traffickers operate out of the Howard Johnson Hotel for years. (Doc. 109, at 17). The government further proffered that, in his confession, Bhimani admitted that he knew that a 15-year old girl was engaging in commercial sex in the hotel but told the girl's mother that she was not there when the girl's mother came looking for her. (*Id.*). Further, the government contends that dozens of witnesses have provided information and are expected to testify that Bhimani had sex with trafficking victims, knowing and in reckless disregard of the fact that they had been forced, coerced, and threatened. (*Id.*). The government contends that text

---

[1] The rebuttable presumption in 18 U.S.C. § 3142(e)(3) reflects a Congressional finding that drug trafficking and violent crime are dangers to the community and drug traffickers pose special flight risks.

messages and Facebook Messenger messages between Bhimani and now-convicted sex traffickers and drug traffickers confirm his close ties to them. (*Id.*). The government's proffer maintains that hotel records confirm witnesses' accounts that these criminals stayed at the hotel for weeks and months at a time. (*Id.* at 17-18). Bhimani admitted that, at times, he would allow pimps to place their victims in a room without paying until the women earned the room rate. (*Id.* at 18). Additionally, some of the evidence against Bhimani, establishing that he conspired with a sex trafficker and drug dealer named Fredrick Brown, was presented at Brown's jury trial in March of 2019, and Brown was convicted of conspiring with Bhimani. (*Id.*).

Bhimani seeks temporary release under 18 U.S.C. § 3142(i) due to the risks associated with being confined in close quarters with a large group during the COVID-19 global pandemic. Bhimani self-reports high blood pressure with low blood glucose, but he does not indicate that he continues to treat with a physician or suffer residual effects from these conditions that place him at heightened risk if he should contract COVID-19. He reports no other health condition that would make him more vulnerable to the health risks posed by COVID-19.

In his motion, Bhimani, a citizen of Canada, does not report that he is symptomatic of the coronavirus. He also alleged that if released, he would live alone at the Howard Johnson Hotel located in Bartonsville, Pennsylvania, which is currently under forfeiture proceedings. This is the same hotel that is the subject of the original indictment and the superseding indictment. He asserts that he is seeking release to maintain employment at the hotel and to prepare his defense to the charges. He also alleged that he posted a $10,000 bond on an immigration detainer. On the basis of the proffers by the defendant and the government, we find that Bhimani did not produce the quantum of evidence necessary to overcome the presumption.

## II.   *Discussion*

### a. *COVID-19 Global Pandemic*

We are mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents.[2] "COVID-19 is the infectious disease caused by the novel coronavirus." *United States v. Roeder*, ___ Fed. App'x ___, 2020 WL 1545872, at *1 (3d. Cir.

---

[2] World Health Org., *WHO Characterizes COVID-19 as a Pandemic* (Mar. 11, 2020), https://www.who.int/emergencies/diseases/novel-coronavirus-2019/events-as-they-happen.

Apr. 1, 2020) (per curiam). We are also cognizant that the President of the United States has declared a national emergency and the Governor of Pennsylvania has declared a state of emergency respectively. In connection with that, the Governor of Pennsylvania issued a statewide stay-at-home order on April 1, 2020, with counties only recently beginning to transition to less restrictive mitigation policies. As of this date, Lackawanna County, where the defendant is detained at LCP, recently progressed to the "yellow phase" of reopening. Further, the Governor has ordered all schools to remain closed for the remainder of the 2019-2020 academic school year. We also recognize that public health officials have strenuously encouraged the public to practice "social distancing," to hand-wash and/or sanitize frequently, and to avoid close contact with others—all of which presents challenges in detention facilities. *See Roeder*, 2020 WL 1545872, at *2; *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020).

### b. *Conditions of LCP*

Bhimani argues that LCP lacks the resources necessary to engage in screening and testing of inmates, correctional staff, law enforcement officers, and other care and service providers who enter the facility. In

addition, he argues that as additional people are arrested who have been out in the community as the coronavirus spreads, if they are not symptomatic, they will be brought to the LCP and held with the existing population, potentially bringing COVID-19 into the population held in large numbers, close quarters, and low sanitary conditions. He also asserts that he seeks release to assist his counsel in his defense.

In its brief in opposition, the government concedes the recent disclosure that a guard at LCP tested positive for the COVID-19 virus, which resulted in inmates being placed in lockdown, permitted only to leave their cells for showers, phone calls, attorney visits (through glass windows), and video teleconferencing for court proceedings. The government proffers in its brief that LCP has experienced no other staff member or inmate exhibiting flu-like symptoms. We further take judicial notice of recent policies and procedures adopted by LCP to prevent or limit the spread of COVID-19 within the prison. *See Shakur v. Costello*, 230 Fed. App'x 199, 201 (3d Cir. 2007) (per curiam) (taking judicial notice of county prison procedures). Under these new policies and procedures, LCP has suspended contact visits, regular visitation, and visitation from volunteers, including religious leaders. It has implemented aggressive

sanitation programs and suspended all programs that utilize "outside" employees. It has prohibited individuals other than prison and medical staff to proceed any further than the reception area. It has limited attorney visits with inmates to meetings through a glass partition in a lawyer visitation room unless written permission is granted by the warden or the deputy warden. It has cancelled all conferences and out-of-county training. It has provided for weekly contact with officials from the state department of corrections. It has posted educational flyers in the blocks and in the reception area. It has also implemented body temperature screening checks for all employees and lawyers as they enter the facility. *United States v. Mendoza*, No. 5:20-mj-00011, 2020 WL 1663361, at *3 & n.4 (M.D. Pa. Apr. 3, 2020).

### c.  18 U.S.C. § 3142(i)—Temporary Release

Bhimani seeks release under 18 U.S.C. § 3142(i) which allows a judicial officer, by subsequent order, to permit the temporary release of a person to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or another compelling reason. He cites the same reasons above in support of his

position that the global pandemic constitutes "another compelling reason" to justify his release.

Section 3142(i) constitutes a limited safety valve provision, enabling courts to re-examine detention decisions "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i). *See United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013) (collecting cases). The Court must carefully and impartially apply the proper legal standards that govern an individual's particular request for relief. *Roeder*, 2020 WL 1545872, at *3.

Until recent events spawned by the COVID-19 global pandemic, defendants seeking release under § 3142(i) generally did so because it was necessary to prepare the person's defense. Those courts finding "another compelling reason," however, typically granted release "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Lee*, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *3 (D.D.C. Mar. 30, 2020)

(quoting *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)); *see also United States v. Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993) (permitting release of defendant suffering from terminal AIDS, which could no longer be managed by correctional authorities); *United States v. Cordero Caraballo*, 185 F. Supp. 2d 143 (D.P.R. 2002) (permitting release where defendant sustained "serious" and "grotesque" gunshot wounds, suffered a heart attack, underwent an emergency tracheotomy, was partially paralyzed, could not use his hands, and had open and infected wounds about his body, and where the United States Marshals Service refused to take custody of him until his wounds closed).

A defendant is not entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan., Mar. 25, 2020). We must make an individualized determination as to whether COVID-19 concerns are compelling in a particular case to justify temporary release under § 3142(i). *Id.* A decision on a motion seeking release under § 3142(i) entails an informed judgment assessing both

individual health concerns and broader public safety interests. In reaching these judgments the court must:

> [E]valuate at least the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary."

*Id.* at *3.

Bhimani's motion is found wanting for several reasons. Other than a single guard who appears to have had no contact with the movant, there have been no confirmed cases of COVID-19 in LCP. Moreover, LCP has implemented new policies and procedures to protect its population as referenced above. There is no evidence that such measures are, or have been, inadequate. Our court has temporarily continued all live, in-court proceedings through June 30, 2020, which should ameliorate a criminal defendant's concerns about assisting his or her attorney in the preparation of a defense. Further, we are confident that LCP will respect

the privileged nature of the communications between attorneys and their inmate-clients, as nothing to the contrary has been alleged or otherwise brought to our attention.

In the absence of any evidence of a medically diagnosed health condition that would increase the risk to Bhimani posed by COVID-19, or any evidence that LCP is not providing—or is unable to provide—appropriate medical care, we are not persuaded that the defendant should be released. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (recognizing that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). Accordingly, we are not persuaded to reconsider the previous orders of detention.

While the court remains sympathetic to Bhimani's concerns regarding the possibility of health complications caused by the COVID-19 virus, "[s]uch speculation does not constitute a 'compelling reason' for temporary release." *United States v. Lovings*, No. 20-51, 2020 WL 1501859, at *3 (W.D. Pa. Mar. 30, 2020); *see also United States v.*

*Pritchett*, No. CR 19-280, 2020 WL 1640280, at \*3 (W.D. Pa. Apr. 2, 2020) (despite being sympathetic to defendant's medical conditions, including a diagnosis of asthma, speculation concerning possible future conditions in jail does not constitute a "compelling reason" for temporary release.); *United States v. Jones*, No. 2:19-CR-00249-DWA, 2020 WL 1511221, at \*3 (W.D. Pa. Mar. 29, 2020) (holding that, while the defendant suffered from hypertension, sleep apnea, and asthma, and it is true that individuals with respiratory issues are at higher risk for COVID-19, his present health conditions were not sufficient to establish a compelling reason for release in light of the danger to the community posed by his release and the efforts undertaken at the jail to combat the spread of the virus) (citing *United States v. Davis*, No. 19-1604, 2020 U.S. App. LEXIS 9987 (3d Cir. Mar. 20, 2020)).

The mere presence of the virus, even in the detention setting, does not automatically translate to the release of a person accused. *United States v. Williams*, No. PWG-19-8, 2020 WL 1643662, at \*2 (D. Md. Apr. 2, 2020) (denying defendant's motion even where at least five inmates had tested positive for COVID-19 and defendant suffered from allergies and asthma); *United States v. Bilbrough*, No. TDC-20-0033, 2020 WL

1694362 (D. Md. Apr. 7, 2020) (affirming magistrate judge's denial of motion by defendant who suffered from diabetes); *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130 (D. Md. Mar. 24, 2020) (denying a 67-year-old defendant's motion); *United States v. Penaloza*, No. TDC 19-238, 2020 WL 1555064 (D. Md. Apr. 1, 2020) (denying motion of defendant who suffered from a heart murmur); *United States v. Jefferson*, No. CCB-19-487, 2020 WL 1332011 (D. Md. Mar. 23, 2020) (denying motion of asthmatic defendant). Thus, we are left to speculate whether Bhimani's continued incarceration would likely increase his risk of harm. However, mindful of the rapidly evolving conditions in prisons throughout the nation as well as the COVID-19 pandemic, we may entertain a renewed request for release if at some point in the future it becomes clear that there are compelling reasons to justify the defendant's release. *United States v. Sanchez*, No. 1:19-cr-00152, 2020 WL 1814159 *7 (M.D. Pa. Apr. 9, 2020) (citing *United States v. Lee*, No 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020)).

### III.   Conclusion

For the reasons set forth above, Bhimani has failed to establish compelling reasons for temporary release under 18 U.S.C. § 3142(i). Therefore, his motion (Doc. 105) is denied.

An appropriate order follows.

JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: June 18, 2020