# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 3:17-324** |
| **FAIZAL BHIMANI, OM SRI, INC.,** | : | **(JUDGE MANNION)** |
| **NAZIM HASSAM, and POCONO** | | |
| **PLAZA INN f/k/a QUALITY INN,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is the government's motion *in limine* to admit at trial the video recorded post-arrest statement and admissions of defendant Faizal Bhimani implicating himself and his co-defendants. Bhimani made the statements after he was arrested and advised of his <u>Miranda</u> rights and, after he knowingly and intelligently waived his Fifth Amendment right against self-incrimination. The government seeks a ruling that the redacted video of Bhimani's October 25, 2017 interview by Task Force Officers ("TFO") William Patton and Christopher Shelly, after his arrest, has resolved the court's prior ruling, (Doc. 104 at 5-6), which held that portions of the video interview which were inadmissible. The government further argues that the redacted video statement does not implicate <u>Bruton v. U.S.</u>, 319 U.S. 123 (1968), because Bhimani was an agent of each of his codefendants, and gave statements about matters within the scope of his agency. The defendants oppose the

motion and argue that the court should preclude the government's use of Bhimani's redacted video interview at trial since it is hearsay and violates their Confrontation Clause rights based on Bruton and Crawford v. Washington, 541 U.S. 36, 50, 124 S.Ct. 1354 (2004). The defendants also point out, without elaborating further, that the interview should be precluded since they intend on presenting a joint defense at trial.

For the reasons set forth below, the motion, **(Doc. 125)**, will be **GRANTED IN PART** and **DENIED IN PART**. Bhimani's redacted video statement will be admissible against him and against at least his two entity co-defendants since they are non-hearsay admissions by Bhimani, as it is clear he was the agent of his entity co-defendants and, he made the statements about matters within the scope of his employment. As to Bhimani's inculpatory statements against defendant Nazim Hassam, the court will await the presentation of evidence at trial to decide whether there is an agency relationship and if his statements would violate Crawford.[1]

---

[1]Since the court stated the complete background of this case in its February 13, 2020 Memorandum, (Doc. 104), and in its Memorandum denying defendant Bhimani's motion to suppress evidence, (Doc. 57), it will not be fully repeated herein.

## I.    BACKGROUND

On July 21, 2020, the Second Superseding Indictment was filed against Bhimani, Om Sri Sai, Inc., Hassam, and Pocono Plaza Inn, f/k/a Quality Inn. (Doc. 113). Bhimani and Om Sri Sai, Inc., were charged with two counts of Sex Trafficking by Force and Coercion, 18 U.S.C. §1594(c). Bhimani, Hassam and Om Sri Sai, Inc., were charged with one count of Drug Trafficking Conspiracy, 21 U.S.C. §846, and with one count of Managing a Drug Premises, 21 U.S.C. §856(a)(2). Also, Hassam, Bhimani, and Pocono Plaza Inn, f/k/a Quality Inn, were charged with one count of Managing a Drug Premises, 21 U.S.C. §856(a)(2). The charges arise, in part, from allegations that Bhimani allowed and assisted his co-defendants in renting, leasing, and making available the hotel for the purposes of sex trafficking, and storing, distributing, and using controlled substances, including cocaine, cocaine base, heroin, and marijuana, in Stroudsburg, Monroe County, Pennsylvania.

The defendants were arraigned and pled not guilty to the charges.

The trial in this case is scheduled to commence on October 5, 2020.

On July 2, 2019, Om Sri Sai, Inc. filed two Motions in Limine seeking: 1) the preclusion of the video of Bhimani's interrogation and admissions; and

2) permission to admit evidence regarding sex trafficking victims' other sexual behavior and/or sexual predisposition under Federal Rule of Evidence Rule 412. (Docs. 64, 65). Subsequently, the other defendants joined in the motions. In particular, the defendants moved to exclude Bhimani's video statement based, in part, on Sixth Amendment grounds and Bruton, and in part arguing that the video statement contained inadmissible hearsay.

On October 17, 2019, the court[2] issued a Memorandum and found that portions of the video interview contained inadmissible hearsay and granted defendants' motion *without* prejudice. (Doc. 104 at 5-6). The Court ordered that "[t]he Government may present a redacted version of the video which excludes all prejudicial and hearsay portions as described in th[at] Order subject to any other bars to admissibility." The Court deferred ruling on the second motion *in limine*, (Doc. 65), as well as the Bruton, Crawford, and agency issues regarding Bhimani's statement.

---

[2] This matter was originally assigned to the Hon. A. Richard Caputo who passed away on March 11, 2020. The matter was later reassigned to the undersigned.

- 4 -

The government filed its instant motion *in limine,* (Doc. 125), on September 4, 2020, seeking the court to admit at trial the redacted video-recorded post-arrest statement of Bhimani, and attached the redacted version of the video transcript of Bhimani's interview as Ex. 1.

The defendants filed their brief in opposition to the motion on September 14, 2020, (Doc. 130), and on September 15, 2020, Bhimani filed his Affidavit in opposition to the government's motion.

The government filed a response to Bhimani's Affidavit on September 16, 2020. (Doc. 132).

On September 17, 2020, the court issued an Order and denied in part defendants' motion *in limine*, (Doc. 65), to admit evidence regarding sex trafficking victims' other sexual behavior and/or sexual predisposition under FRE 412, (Doc. 133). The court, however, held that the defendants will be permitted to cross examine the government's victim witnesses about their prostitution activities during the limited time period of the sex trafficking offenses charged in Counts One and Two of the Second Superseding Indictment. (Doc. 113).

Also, on September 17, 2020, the final pre-trial conference was held and the court directed the parties to meet and discuss whether they could agree on further redactions to the recorded post-arrest interview of Bhimani.

The parties conferred on September 23, 2020, and the government filed a "Supplement to Motion *In Limine*." (Doc. 136). According to the government, the parties "agreed upon substantial redactions to the interview, as reflected in the yellow highlighted portions of the attached transcript." (Doc. 136 at 1 & Doc. 136-1). The government states that "the defendants may object to the admissibility of further portions of the interview", but it contends that the un-highlighted portions of the transcript, (Doc. 136-1), are admissible. The government also states that the latest redactions submitted "contemplate only admissibility issues, and do not address the defendants' objections [to Bhimani's statement] on <u>Bruton</u> and <u>Crawford</u> grounds", and that the parties rely on their prior briefs filed with respect to the government's motion *in limine.*

Alternatively, the government asserts that if the video is ruled inadmissible, the TFO's should still be permitted to testify as to Bhimani's substantive admissions.

- 6 -

In light of the government's supplement, the court issued an Order on September 24, 2020, (Doc. 137), and directed that "[t]o the extent there are any continuing objects, on any of the above listed grounds or any other grounds, defendants' counsel shall identify those objections with specific reference to page numbers and line numbers on the proposed amended transcript. Each objected to line/sentence shall include the specific argument made to the contents of that specific line and/or sentence as well as the caselaw supporting the objection."

On September 24, 2020, defendants Om Sri Sai, Inc., Hassam and Pocono Plaza Inn filed their response to the government's supplement and provided specific reference to the portions of the redacted transcripts to which they still object arguing they contain "hearsay statements and improper questions by police detectives who conducted the post-arrest interrogation, along with Mr. Bhimani's largely unresponsive answers." (Doc. 138). Bhimani also filed his response to the government's supplement on September 24, 2020, with attached Exhibits. (Doc. 139).

On September 28, 2020, defendants Om Sri Sai, Inc., Hassam and Pocono Plaza Inn filed their response to the government's motion in *limine* regarding the Bruton and Crawford issues and, argue that Bhimani's entire

post-arrest interrogation video should be precluded at trial based on the stated Supreme Court cases. (Doc. 140).

On September 30, 2020, the government filed its reply to the defendants' responses to its supplemental motion. (Doc. 142).

Also, on September 30, 2020, defendants Om Sri Sai, Inc., Hassam and Pocono Plaza Inn filed a sur-reply brief to the government's reply brief, without leave of court, in violation of the rules of this court. (Doc. 143). Despite the lack of permission, the court will consider defendants' sur-reply brief.

## I.     STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d

149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, \*2 (M.D. Pa. July 27, 2017). Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.*

Moreover, there is no doubt that "irrelevant evidence is not admissible." Fed.R.Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Fed.R.Evid. 401. Even if evidence is relevant, the court can exclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

## II.   DISCUSSION

Initially, the court has reviewed the latest redacted version of Bhimani's statement submitted by the government, (Doc. 136-1), as well as the

defendants' objections to it and the government's response, and finds, line by line, as follows:[3]

    1. Page 5, line 5 to page 6, line 18: admissible

    2. Page 6, lines 32-43: admissible

    3. Page 7, lines 9-20: admissible

    4. Page 8, line 20 to page 9, line 11: admissible except redact lines 20-28 on page 8

    5. Page 10, line 29 to page 11, line 9: admissible

    6. Page 12, lines 23-28: admissible

    7. Page 12, line 30 to page 15, line 33: admissible

    8. Page 16, line 9 to page 17, line 28: admissible

    9. Page 18, lines 6 to 32: lines 6-22 admissible and the government has redacted lines 24-32

    10.    Page 21, lines 33-36: admissible

    11.    Page 27, lines 17-19: admissible

---

[3]Since the court addresses the legal bases of the defendants' objections below, including the objections based on the Confrontation Clause, Bruton, Crawford and hearsay, as well as FRE 403, it does not do so here line by line. The court also notes that the government's reply brief, (Doc. 142), provides an explanation regarding the relevancy of all of the challenged portions of Bhimani's statement.

12.      Page 27, line 29 to page 28, line 10: admissible

13.      Page 30, lines 5-18: lines 5-10 the government agreed to

redact and lines 12-18 admissible

14.      Page 30, line 20 to page 31, line 22: admissible

15.      Page 32, lines 1-19: admissible

16.      Page 36, lines 5-27: admissible as redacted in Doc. 136-1

17.      Page 36, line 35: admissible

18.      Page 37, lines 1-28: admissible; lines 30-37 were redacted;

the government also agreed to redact page 37, line 30 through

page 42, line 11

19.      Page 42, lines 13-22: admissible; page 42, line 18 will be

redacted

20.      Page 47, line 39 to page 48, line 7: admissible

21.      Page 49, line 30 to page 51, line 12: admissible

22.      Page 51, line 39 to page 52, line 42: admissible

23.      Page 57, line 27 to page 58, line 10: admissible

24.      Page 59, line 7 to page 60, line 16: admissible

25.      Page 63, lines 3-21: admissible

26.      Page 63, lines 28-43: admissible

27.     Page 64, lines 1-36: admissible

28.     Page 65, lines 1-37: admissible

29.     Page 66, lines 5-10: admissible

30.     Page 68, lines 27-29: not admissible and government will

redact them

31.     Page 69, lines 9-15: admissible.

The court notes that Bhimani may seek to introduce at trial several portions of his statement which have been redacted by the government in its transcript, (Doc. 136-1), as well as portions of his statement that were in the video but not included in the government's transcript. (*See* Doc. 139, at 8-10). The government responds in detail to each of the additional portions Bhimani seeks to include in its reply brief. (Doc. 142, at 22-25).

The government has no objections to many of the additions Bhimani seeks to introduce from his statement, and it submits proposals to resolve the objectionable additions. The court directs counsel for all parties to confer prior to the introduction of Bhimani's statement at trial, and to modify the statement regarding the additions Bhimani seeks to introduce as well as the government's proposals to resolve its objections. The court will reserve its rulings on any remaining portions of Bhimani's statement that Bhimani seeks

to include, which the parties cannot agree upon, until the time when Bhimani attempts to admit these statements.

Next, the court will discuss the Confrontation Clause, <u>Bruton</u>, <u>Crawford</u>, and the hearsay issues raised by the defendants with respect to Bhimani's statement.

Defendants Om Sri Sai, Inc., Pocono Plaza Inn, and Hassam basically argue that if the post-arrest statements made by Bhimani are admitted into evidence, they are prevented from confronting Bhimani in violation of the Sixth Amendment and the Supreme Court's decisions in <u>Bruton v. United States</u>, 391 U.S. 123, 88 S.Ct. 1620 (1968), and <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S.Ct. 1354 (2004). Defendants contend that the admission of these statements during a joint trial with Bhimani violates <u>Bruton</u> and <u>Crawford</u>. They also argue that Bhimani's interrogation contain many hearsay questions and responses, and that no exception under FRE 801(d)(2)(D) applies.

The government contends that Bhimani's statements were made during the course of his employment relationship with his corporate co-defendants Om Sri Sai, Inc. and Pocono Plaza Inn, as well as his uncle, Hassam, who Bhimani said was the majority owner of both corporations.

"The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right 'to be confronted with the witnesses against him'", and "[t]he right to confrontation embodies the right to cross-examination." U.S. v. Vega Molina, 407 F.3d 511, 518 (1st Cir. 2005) (internal citations omitted). Thus, "out-of-court statements may be admitted against criminal defendants only in certain limited circumstances." *Id.* (citation omitted). Further, "[i]t is well-established that the out-of-court statements of a non-testifying defendant, even if admissible against the declarant, may not be used against a jointly tried codefendant unless otherwise independently admissible against that codefendant." *Id.* at 518-19 (citing Lilly v. Virginia, 527 U.S. 116, 124, 119 S.Ct. 1887 (1999)).

"In Bruton, the Supreme Court held that the introduction of a non-testifying defendant's out-of-court statement, which directly implicated his co-defendant by name, violated the Confrontation Clause right of the co-defendant." U.S. v. McLaughlin, 2013 WL 996266, *5 (M.D. Pa. March 13, 2013) (citation omitted). Further, "the Supreme Court subsequent to Bruton clarified that the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction and redaction of the co-defendant's statement." *Id.* at *3. "As set forth under

Bruton and its progeny, and as subsequently interpreted by the Third Circuit, a Bruton violation can occur if a statement is admitted into evidence at trial that on its face incriminates the objecting defendant." Id. at *8.[4]

"In Crawford [v. Washington, 541 U.S. 36 (2004)], the Supreme Court held that a non-testifying declarant's 'testimonial' hearsay statements cannot be introduced against a defendant in a criminal case." U.S. ex rel. Klimawicze v. Sigler, 559 F.Supp.2d 906, 915 (N.D. Ill. 2008) (citing Crawford, 541 U.S. at 68). Also, "[a] statement made during a police interrogation is considered testimonial, at least if used to prove the truth of the matters asserted in the statement." Id. (citation omitted). Specifically, "[i]n Crawford, the Supreme Court held that testimonial out-of-court statements by witnesses that are offered against the accused to establish the truth of the matter asserted are barred by the Sixth Amendment's Confrontation Clause and cannot be introduced into evidence at trial, unless the witness is unavailable and the

---

[4]"The United States Supreme Court has interpreted the Sixth Amendment to include the right to cross-examine witnesses. The Confrontation Clause bars admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." Alvardo v. Wingard, 2019 WL 6880912, *8 (E.D. Pa. Jan. 8, 2019) (internal quotations and citations omitted).

defendant had a prior opportunity to cross-examine the witness." U.S. v. Reese, 2010 WL 2606280, *17 (N.D. Oh. June 25, 2010) (citations omitted).

However, "[n]either Crawford nor the Confrontation Clause bars, …, the admission of an absent declarant's out-of-court statement for some legitimate evidentiary purpose other than to prove its truth." U.S. ex rel. Klimawicze v. Sigler, 559 F.Supp.2d at 915. "The Court [in Crawford] stated that '[t]he [Confrontation] Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'" Id. at 916 (citations omitted).

Additionally, "[e]ven redacted statements will present Confrontation Clause problems unless the redactions are so thorough that the statement must be linked to other evidence before it can incriminate the co-defendant." Alvardo, 2019 WL 6880912, *10 (citation omitted).

Thus, "in order to establish a Confrontation Clause violation, [defendant] must show the statements in the recordings were both testimonial and hearsay." United States v. Battaglini, 751 Fed.Appx. 242, 243 (3d Cir. 2018).

Here, Bhimani's post-arrest statements to the TFO's during his interrogation were testimonial in nature. See Crawford, 541 U.S. at 52, 68

- 16 -

(holding that statements to police interrogator are testimonial); U.S. v. Campbell, 507 Fed.Appx. 150, 154 (3d Cir. 2012) (defendant's statements could be "considered testimonial if they were 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'") (citation omitted).

The court will now consider whether Bhimani's testimonial statements must be excluded as hearsay.

"[A] confession or admission by a defendant is admissible against him or her pursuant to Fed.R.Evid. 801(d)(2)(A)", and "[a] defendant's own admission may be admitted against her or him under Rule 801 which is not affected by Bruton." U.S. v. Reese, 2010 WL 2606280, *17 (N.D. Oh. June 25, 2010). As such, there is no doubt that Bhimani's statement is a party admission and it is admissible against him. The question is whether Bhimani's statement is admissible against his co-defendants as their agent and whether the hearsay exception under FRE 801(d)(2)(D) applies.

The government contends that neither Bruton nor Crawford, require exclusion of Bhimani's redacted statements because those statements are not hearsay, but admissions by all parties. It argues that Bhimani, as General Manager, was an agent of the defendant hotels and of Hassam, his uncle

and majority owner of Om Sri Sai, Inc. and Pocono Plaza Inn, and that all the statements he made about matters within the scope of his employment are admissible as admissions of his employers as well as his own admissions. Bhimani admitted that as General Manager he had authority and control in the Howard Johnson's Motel, such as hiring and firing. (Doc. 136-1 at 7). The government states that "[b]ecause a corporation can act only through its employees, a statement by an employee in a management role can be considered an admission by the corporate defendant." (Doc. 125 at 5-6).

Under Rule 801(d)(2)(D), an out-of-court statement is not hearsay if "[t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." "Because a corporation can act only through its employees, a statement by a corporate official such as [Bhimani] can certainly be considered an admission by a corporate defendant." United States v. Brothers Constr. Co., 219 F.3d 300, 310–11 (4th Cir.), cert. denied, 531 U.S. 1037, 121 S.Ct. 628 (2000). "The corporation's agent need not have authority to make the statement at issue, but rather the subject of the statement must relate to the employee's area of

authority." *Id.* at 311 (citation omitted). "Thus, this rule requires that when making an admission on behalf of the defendant, the declarant be both authorized and acting within the scope of employment." <u>U.S. v. Riley</u>, 621 F.3d 312, 338 (3d Cir. 2010). <u>Mathis v. Monza</u>, 2013 WL 1058867, *2 (W.D. Pa. March 14, 2013) ("For Rule 801(d)(2)(D) to apply, the statement must concern matters within the scope of the declarant's agency or employment.) (citing <u>Riley</u>, 621 F.3d at 338). "[B]eing a direct decision-maker, of course, constitutes strong proof that a statement was made within the scope of employment[.]" <u>Riley</u>, 621 F.3d at 338 (citation omitted).

As the late Judge Caputo previously held, "a defendant's statements during a custodial interrogation are non hearsay admissions by a party opponent." (Doc. 104 at 3) (citing <u>United States v. Fleming</u>, 287 Fed.App'x. 150, 153-54 (3d Cir. 2008)). Further, the court held that statements made by officers during an interrogation are admissible when they were presented to provide context for the defendant's own statements and were not used to prove their content or used as a vehicle for hearsay. (Doc. 104 at 4). As the government states, (Doc. 125 at 13-14), "[a]t trial, it would be Bhimani's admissions that would be presented to prove the truth of the matter asserted, and any statements or paraphrased information contained in the [TFO's]

- 19 -

questions would be presented solely for context." "[U]nder [Third Circuit] precedent [the TFO's statements] [are] not hearsay because they [are] not offered into evidence to prove the truth of the matter asserted; rather, they [are] introduced to put [Bhimani's] statements 'into perspective and make them intelligible to the jury and recognizable as admissions.'" United States v. Browne, 834 F.3d 403, 416 n. 10 (3d Cir. 2016) (citations omitted). Thus, "the [TFO's] statements [can be] introduced only to establish that they were uttered and to give context to what [Bhimani] was saying, [and] they [are] not hearsay at all."). *Id.* (quoting United States v. McDowell, 918 F.2d 1004, 1007-08 (1st Cir. 1990)). Also, as the government states, "because the [TFO's] statements are not admitted for their truth, they do not implicate Crawford or the Confrontation Clause in any way." (Id. at 14).[5] *See* Battaglini,

---

[5]First, the court notes that substantial redactions has occurred to cull from the video much of the gratuitous statements, comments and hearsay that was included in the interrogation questions. Additionally, the court will give the jury a limiting instruction that the statements referenced by the TFO's during Bhimani's interview were not offered into evidence to prove the truth of the matter asserted, but offered only as context and to put Bhimani's statements into perspective. As an additional precaution and to limit any prejudice, since the government represents that "many of the informants quoted or paraphrased or referenced by TFO Patton during [Bhimani's] interview are expected to testify," the court directs the government to present Bhimani's video interview after all the relevant witnesses have testified and have been subjected to cross-examination.

751 Fed.Appx. at 243 (Third Circuit held that since "the recorded statements were offered to establish context and not for their truth, [they] were therefore outside the scope of the Confrontation Clause.").

The court in Mathis, 2013 WL 1058867, *3, explained:

Federal Rule of Evidence 801(d)(2)(D) provides that a statement is not hearsay if it is offered against an opposing party and "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." However, an employer is not vicariously responsible for each statement made by its employees. In order for such a statement to be admissible, "it is necessary that the content of the declarant's statement concern the scope of her agency." Loncosky v. Wal–Mart Stores, Inc., 1997 U.S. Dist. LEXIS 18546, 1997 WL 732465, at *3 (E.D. Pa.1997) (citing Hill v. Spiegel, Inc., 708 F.2d 233, 237 (6th Cir. 1983)). The appropriate focus is whether the speaker was in fact authorized to act for his or her employer concerning the matter about which the employee spoke. Id. (citing Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560, 1566 (11th Cir.1991)); see also Nichols v. Bennett Detective & Protective Agency, Inc., 245 F.App'x 224, 228 (3d Cir. 2007) (statements made by employee did not concern matters within the scope of employee's employment and were therefore inadmissible); Kraemer v. Franklin and Marshall College, 1995 U.S. Dist. LEXIS 17087, 1995 WL 681108, at *2 (E.D. Pa. 1995) (employee's statement not an admission since it was not made concerning a matter within the scope of his employment).

Thus, "[u]nder Rule 801(d)(2)(D), a statement by a party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, is not considered hearsay and is therefore admissible." U.S. v. Photo. Data Services, Inc., 103 F.Supp.2d 875, 885 (E.D. Va. 2000), aff'd by 259 F.3d 229 (4th Cir. 2001), cert. denied

535 U.S. 926 (2002). As such, Bhimani's statements satisfy this exception since he was largely questioned about the practices at the hotel in allowing prostitution and drug activities to go on there, while he was employed by the co-defendants as the General Manager. *See id.*

As the court in the PDS case, *id.*, stated:

Bruton and Lilly [v. Virginia, 527 U.S. 116, 119 S.Ct. 1887 (1999)], were not cases in which an agency relationship existed between the co-defendants.

Thus, because a statement of an agent or servant concerning a matter within the scope of his employment made during the existence of the relationship is an admission of his employer, *see* 31 Michael H. Graham, 9 Federal Practice & Procedure §6723 (1997), the facts of this case are decidedly different from those in Bruton and Lilly. Moreover, as the Lilly decision recognized, firmly rooted hearsay exceptions are admissible over Sixth Amendment Confrontation Clause objections because the authors of that amendment "obviously intended to respect certain unquestionable rules of evidence" in drafting the Confrontation Clause. Lilly, 119 S.Ct. at 1894 (citing Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895)). We agree with the Fifth Circuit, the only court to decide the issue by published opinion, that hearsay exceptions under Rule 801(d)(2)(D) are firmly rooted. *See* United States v. Walker, 148 F.3d 518 (5th Cir. 1998); United States v. Saks, 964 F.2d 1514 (5th Cir. 1992).

The Government indicates that at trial it will prove the existence of an employment relationship between Bhimani and his co-defendants. The government states that "Bhimani was an agent of both hotel defendants and of Nazim Hassam on the day of his arrest and interrogation", and that

"Bhimani was General Manager of the Howard Johnson Hotel, which is owned by Om Sri Sai, Inc." It also states that "Hassam was or is the largest shareholder in Om Sri Sai, and also has an ownership interest in the Pocono Plaza Inn", and that "Hassam served as Bhimani's direct supervisor, and Bhimani was Hassam's and the Howard Johnson's highest ranking employee." (Doc. 125 at 8-9). The government also contends that its evidence will show that Bhimani's statements concerned matters within the scope of his agency. The court does not repeat the government's proffer in its brief. (Doc. 125 at 9-10).

No doubt that the government will have the burden at trial to establish that Bhimani's statement was within the scope of his employment. *See* U.S. v. Cruz, 910 F.2d 1072, 1081 n. 10 (3d Cir. 1990) (Third Circuit has held that if "the indicia of reliability embodied in the Fed.R.Evid. Rule 801(d)(2)(D) non-hearsay definition were absent, [] the statement had to be excluded"); Zaken v. Boerer, 964 F.2d 1319, 1324 (3d Cir. 1992) (the statement is inadmissible if it does not "have a sufficient evidentiary foundation to establish the existence of an agency relationship as required under Rule 801(d)(2)(D)"). If a party does not offer evidence that the agent was "authorized to speak for [his] employer on the matters for [which he] allegedly spoke," it will be

"insufficient to establish that the statements are admissions by a party-opponent under Fed.R.Evid. 801(d)(2)(D)." <u>Monza</u>, 2013 WL 1058867, *3.

The government has sufficiently shown, for present purposes, that when Bhimani gave his statement to the TFO's, he was an agent and employee of his two entity co-defendants, that his statement related to his actions during his employment with these co-defendants and, that they were matters that were within the scope of his employment at the Howard Johnson Motel. The court questions the good faith basis of the argument of Bhimani's co-defendants that Bhimani was no longer employed by them when he made his statements about illegal activity after his arrest and, that they do not fall within the ambit of Rule 801(d)(2)(D). The government indicates that Bhimani was an agent of his co-defendants on the day of his arrest and interrogation, and he discussed his unlawful activities during his employment by his co-defendants. *See* <u>Riley</u>, 621 F.3d at 338 ("a statement of illegal activity can still be within the scope of employment and can be admissible under 801(d)(2)(D)") (citing <u>Cline v. Roadway Express, Inc</u>., 689 F.2d 481, 488 (4th Cir. 1982) ("holding that testimony of certain managers' statements indicating that they understood the new policy was designed to replace older workers with younger ones, which was an alleged violation of the Age

Discrimination in Employment Act, was admissible under Fed.R.Evid. 801(d)(2)(D) as admissions of agents concerning a matter within the scope of their employment")).

Also, despite the fact that Bhimani's statement contains some unintelligible portions, "[the Third Circuit has] held that recordings are admissible '[u]nless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy.'" U.S. v. Smith, 483 Fed.Appx. 672, 675 (3d Cir. 2012) (citations omitted). The unintelligible portions of Bhimani's redacted statement are not so substantial.

The government contends that "Bhimani had decision-making authority for the day-to-day operations of the hotels; the Howard Johnson on a daily basis, the Pocono Plaza Inn, when he worked there." (Doc. 125 at 9). "Although '[b]eing a direct decision-maker, of course, constitutes strong proof that a statement was made within the scope of employment, ... the 'scope of employment' criterion [of Rule 801(d)(2)(D)] extends beyond direct decision-makers." Marra v. Phila. Hous. Auth., 497 F.3d 286, 297-298 (3d Cir. 2007) (citation omitted). It was certainly within the scope of Bhimani's employment as General Manager of the Howard Johnson Motel to deal with the customers and the daily activities in the motel, and to decide what he would

permit to occur in the motel, despite the fact that it involved illegal activity. The court finds that the government has established that Bhimani's October 25, 2017 statement, as redacted, is admissible against his two entity co-defendants as an admission of an agent under Rule 801(d)(2)(D). *See id.* ("the District Court did not err in its interpretation of the Federal Rules of Evidence when it admitted Franklin's testimony of Faiella's statement on the basis that it constituted a non-hearsay utterance of an agent, which is admissible under Federal Rule of Evidence 801(d)(2)(D)").

The law is well settled that a corporate defendant may not assert the Fifth Amendment privilege against self-incrimination. *See* Braswell v. United States, 487 U.S. 99, 102, 108 S.Ct. 2284, 2287 (1988). Further, "[i]t is well understood that an individual may not assert a Fifth Amendment privilege on behalf of a 'collective entity' – i.e., 'an[y] organization which is recognized as an independent entity apart from its individual members,' such as a corporation or partnership." In re Grand Jury Proceedings, 971 F.3d 40, 56 (2d Cir. 2020) (citing Bellis v. United States, 417 U.S. 85, 92, 94 S.Ct. 2179 (1974)).

It is also clear that a corporation, like the two entity defendants, cannot speak directly, but the actions of the entity can be discussed by a decision-

making agent of the corporation like Bhimani. As such, Bhimani's statement about the two entity defendants and about his conduct that occurred during the scope of his employment with the entities is admissible.

However, Bhimani's statements implicating Hassam are more nuanced. Simply because Bhimani was the General Manager for his uncle Hassam, who appears to be the major shareholder in the two entity defendants, does not mean that Bhimani can speak for Hassam, especially to the extent that his statements are testimonial, incriminating admissions by a non-testifying defendant against his co-defendant. Simply because Bhimani was employed as a supervisor for Hassam's hotel does not authorize him to speak for Hassam, the owner, especially regarding matters not related to the legitimate running of the hotel but on matters related to allege criminal conduct occurring in the hotel.

For example, the government points out that Bhimani admitted he received instructions from Hassam "to just keep the criminal activities quiet as long as the hotel was making money." (Doc. 125 at 10). The government contends that this constitutes an admission by Bhimani as well as by Hassam.

The court finds, at this juncture, that Bhimani's statements directly implicating Hassam in criminal activities and incriminating Hassam on their face may not be admissible in this joint trial. "The Supreme Court has explained that "the principal evil at which the Confrontation Clause was directed was the ... use of *ex parte* communications as evidence against the accused." U.S. v. Ramos-Cardenas, 524 F.3d 600, 607 (5th Cir. 2008) (citing Crawford, 541 U.S. at 50). "Thus, in the context of a multi-defendant trial, 'the pretrial confession of one [defendant] cannot be admitted against the other[s] unless the confessing defendant takes the stand." *Id.* (citing Richardson v. Marsh, 481 U.S. 200, 206, 107 S.Ct. 1702 (1987)).

"[T]he general rule is that when a codefendant's prior statement is admitted with an instruction that it be considered as evidence against only the codefendant, and not the other defendants, the other defendants have not suffered a violation of their Confrontation Clause rights. *Id.* "In Bruton v. United States, however, the Supreme Court recognized an exception to this rule for codefendant statements that 'expressly implicat[e]' another defendant." *Id.* In Bruton, "[t]he Court found that there is too great a risk that the jury will consider 'the powerfully incriminating extrajudicial statements of

a codefendant' as evidence of the other defendant's guilt, even when a limiting instruction is given." *Id.*

In United States v. Homick-Van Berry, 240 Fed.Appx. 966, 971 (3d Cir. 2007), the Third Circuit held that since the defendant's extrajudicial statements to the FBI did not "powerfully incriminate" his co-defendant and did not directly implicate his co-defendant, the district court's limiting instruction to the jury that it may not consider the defendant's statements to the FBI in any way against his co-defendant was sufficient to avoid a Confrontation Clause violation. Specifically, the Court stated that "[defendant] Clinton's statements were not inculpatory", and "[t]hey did not expressly implicate [co-defendant] Nadine in the robbery, and they certainly were not powerfully incriminating on their face." *Id.* However, in the present case, portions of Bhimani's statements to the TFO's are inculpatory, and expressly and on their face "powerfully incriminate" Hassam. As such, these statements may not be admissible in a joint trial and a limiting instruction to the jury may not be sufficient to avoid a Confrontation Clause violation. *See* Homick-Van Berry, 240 Fed.Appx. at 971 (citing Bruton v. United States, 391 U.S. 123, 124 n. 1, 135–36, 88 S.Ct. 1620 (1968) (holding that limiting instruction was insufficient to avoid Confrontation Clause violation where co-

- 29 -

defendant's "powerfully incriminating" extrajudicial statement was admitted in joint trial with petitioner); Richardson v. Marsh, 481 U.S. 200, 208, 107 S.Ct. 1702 (1987) (the Supreme Court explained that when a co-defendant's confession does not, on its face, incriminate the petitioner, and does so only when linked with other evidence, it may be introduced in a joint trial with a limiting instruction.); United States v. Belle, 593 F.2d 487, 493 (3d Cir. 1979) (en banc) ("When a codefendant's extrajudicial statement does not directly implicate the defendant, however, the Bruton rule does not come into play."). See also United States v. Barber, 2013 WL 12444545, *2 (N.D. Fl. Jan. 14, 2013) (holding that "[t]he Confrontation Clause plainly prohibits the admission of [defendant's] statements against [her co-defendant], whether or not the statements would otherwise be admissible under the Rules of Evidence.") (citing Crawford, 541 U.S. 36 (2004) ("the Supreme Court held that the Confrontation Clause prohibits admitting against a defendant in a criminal case another person's testimonial out-of-court statement for its truth, unless the person testifies at the trial or, if the person is unavailable to testify, the defendant had a sufficient prior opportunity to cross-examine the person." "[U]nder Crawford, [defendant's] out-of-court [testimonial]

statements [offered for their truth] are not admissible against [her co-defendant.]").

Thus, at the present time, the court finds that Hassam's Confrontation Clause rights may be violated by the admission of the portions of Bhimani's statement referencing Hassam that are "powerfully incriminating" against Hassam, and expressly and on their face incriminate Hassam. Any such statements of Bhimani regarding Hassam may have to be redacted.

However, after the government has presented all of its evidence and testimony in its case-in-chief and, before it plays Bhimani's recorded statement to the jury, the court will revisit the issue and make a final determination, based on the government's evidence, as to whether any of Bhimani's statements that directly incriminate Hassam can be heard by the jury on an agency basis or otherwise.

Finally, the court balances under FRE 403 the probative value of Bhimani's statement with the likely prejudicial impact of the statement. No doubt that Bhimani's statement is relevant under FRE 401. Thus, to exclude Bhimani's statement, "the evidence must confuse the issues, mislead the jury, cause undue delay, waste time, be unfairly prejudicial, and/or needlessly present cumulative evidence, and the negative impact of any of

those conditions must substantially outweigh the evidence's probative value." <u>GN Netcom, Inc. v. Plantorinics, Inc</u>., 930 F.3d 76, 86 (3d Cir. 2019).

In <u>GN Netcom, Inc. v. Plantorinics, Inc</u>., 930 F.3d at 85, the Third Circuit stated:

> "Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit evidence; relevance alone does not ensure its admissibility." <u>Coleman v. Home Depot, Inc</u>., 306 F.3d 1333, 1343 (3d Cir. 2002). However, "[a]s we have explained on several occasions, the Federal Rules of Evidence suggest a 'generally liberal approach to the admissibility of evidence.'" <u>United States v. Fulton</u>, 837 F.3d 281, 314 (3d Cir. 2016) (quoting <u>In re Unisys Sav. Plan Litig</u>., 173 F.3d 145, 167 (3d Cir. 1999)). Thus, "there is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value of evidence must be 'substantially outweighed' by the problems in admitting it." <u>Coleman</u>, 306 F.3d at 1343–44. This presumption in favor of admission requires weighing "the maximum reasonable probative force for the offered evidence" against the "likely prejudicial impact of the evidence." *Id.* at 1344 (quoting *Federal Rules of Evidence Manual* 242 (Stephen A. Saltzburg et al. eds., 7th ed. 1998)). In sum, highly probative evidence is "exceptionally difficult to exclude." *Id.*

Bhimani's statement provides the jury with an inside picture of the activities taking place in the hotels and it will assist the jury in making its determination on the charged criminal conduct in the indictment by the defendants. As the government states, (Doc. 125 at 18-19), "the maximum probative force of the evidence is exceptionally high, as Bhimani admits that he was aware of, allowed, and participated in criminal conduct at the hotels,

on behalf of his employers." Thus, since the "maximum reasonable probative force" of Bhimani's statement is high, the court can only exclude it if the probative value is substantially outweighed by the statement's potential unfair prejudice. *See* GN Netcom, Inc. v. Plantorinics, Inc., 930 F.3d at 87. Here, the court finds that the prejudicial impact of Bhimani's statement regarding the two entity defendants does not amount to "unfair prejudice" and does not "substantially outweigh" its high probative value.[6]

However, defendants have established there may be a particularized danger of significant unfair prejudice regarding the portions of Bhimani's statement that implicate Hassam in criminal activity and that are incriminating against Hassam on their face. Presently, the court finds that the admission of such statements into evidence may violate Hassam's Confrontation Clause rights. *See* Ramos-Cardenas, 524 F.3d at 609 ("Crawford certainly prohibits the introduction of a codefendant's out-of-court testimonial statement against the other defendants in a multiple-defendant trial.").

---

[6]"[P]rejudice does not simply mean damage to the opponent's cause", and that "absen[t] ... a showing of particularized danger of unfair prejudice, the evidence must be admitted"). GN Netcom, Inc. v. Plantorinics, Inc., 930 F.3d at 88 (citations omitted).

## III.   CONCLUSION

Accordingly, the government's motion in *limine*, (Doc. 125), will be **GRANTED IN PART** and **DENIED IN PART**, as discussed above. The court will allow the government to admit at trial the video recorded post-arrest statement of Faizal Bhimani, as redacted, against the two entity defendants.[7] The portions of Bhimani's statement that implicate Hassam in criminal activity and that are incriminating against Hassam on their face will only be determined when the court makes its final ruling with respect to these portions of Bhimani's statement at trial.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 2, 2020**
17-324-02

---

[7]The redacted Bhimani statement and, any additions to Bhimani's statement upon which the parties agree, must be ready to present at the appropriate time during the trial.