# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | :      **CRIMINAL NO. 3:17-324** |
| **FAIZAL BHIMANI, OM SRI SAI, INC.,** | :      **(JUDGE MANNION)** |
| **NAZIM HASSAM, and POCONO PLAZA INN f/k/a QUALITY INN,** | : |
| **Defendants** | : |

## **MEMORANDUM**

Presently before the court is the October 17, 2020 motion of defendants Nazim Hassam and Om Sri Sai, Inc. to strike Kenya Evans' in court identification of Hassam as well as all of her testimony related to Hassam. (Doc. 159)[1]. Defendants contend that the non-exigent single photo identification procedure used by officers the day before Evans' testimony was unduly suggestive and violated their due process rights.

For the reasons set forth below, the defendants' motion to strike Evans' testimony, **(Doc. 159)**, will be **DENIED**. Evans' entire testimony, including her identification of Hassam, is admissible against the defendants.[2]

---

[1] The defendants made a similar oral motion related to the testimony of Elizabeth Ruffa on October 19, 2020. That motion was denied, on the record, for mainly the same reasons as stated herein.

[2] The trial in this case commenced on October 6, 2020. Evans testified in the government's case in chief on October 7, 2020. Since the court stated

**I.     STANDARD**

In U.S. v. Scott, 420 F.Supp.3d 295, 317-19 (E.D. Pa. 2019), the court stated that "[i]dentification evidence is admissible when the procedures used to procure it were not unduly suggestive or if the identification is sufficiently reliable." (citing United States v. Emanuele, 51 F.3d 1123 (3d Cir. 1995)). "A district court should consider the totality of the circumstances when assessing whether to admit identification testimony." *Id.* (citing Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375 (1972)). "The totality of the circumstances analysis is two-fold: First, the defendant has the burden of proving that the identification procedure was impermissibly suggestive." *Id.* (citations omitted). "Two factors inform this determination (a) the suggestiveness of the identification, and (b) whether there was 'some good reason for the failure to resort to less suggestive procedures.'" *Id.* (citation omitted). "If the defendant establishes that the procedure was impermissibly suggestive, [the court] consider[s] whether it created a 'substantial likelihood

---

the background of this case in its prior Memoranda, (Docs. 57, 104 & 148), it will not be fully repeated herein.

The court notes that to the extent moving defendants allege that Evans' identification of Bhimani was also unreliable, they have no standing to assert this claim on Bhimani's behalf, since their counsel do not represent Bhimani and he has his own counsel. (*See* Doc. 159-1 at 3).

of misidentification' so that admitting the evidence would deny due process." *Id.*

However, "reliability of the identification can mitigate the risk of misidentification; nullifying the need for suppression", and "[a] 'suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability.'" *Id.* (internal citations omitted).

"To determine whether an identification is reliable, [the court] consider[s]: (1) the witness's opportunity to observe the perpetrator during the commission of the crime; (2) how attentive the witness was at that time; (3) whether the witness has provided a prior accurate description of the perpetrator; (4) the witness's level of certainty at the time of the identification; and (5) the length of time between the crime and the witness identification." United States v. Robinson, 821 Fed.Appx. 141, 145 (3d Cir. 2020) (citing Neil v. Biggers, 409 U.S. 188, 199–200, 93 S.Ct. 375 (1972)).

## II. DISCUSSION

Defendants argue that Evans' in court identification testimony of Hassam should be stricken since it was the result of an impermissibly

suggestive procedure when the government showed her a single photo of Hassam the night before her trial testimony during her preparation. Defendants also argue that Evans was not sufficiently reliable as a witness due to her drug use at the relevant time, her having sex for money with about 20 men per day, seven days per week, and the lapse of six years between her prostitution activities and her identification of Hassam. The court recalls distinctly the testimony of Evans and has reviewed the transcript of Evans' trial testimony, (Doc. 159-1, Ex. A), and finds that Evans' identification of Hassam was not unduly suggestive based on the totality of the circumstances. The court also finds that Evans' identification is admissible in its entirety based on the <u>Biggers</u> factors.[3]

---

[3]Defendants alternatively move to strike Evans' testimony under FRE 404(b) as evidence of other bad acts or prior crimes of Hassam since Hassam is not charged with sex trafficking, conspiracy to commit sex trafficking or aiding and abetting these offenses. They also argue that the probative value of her testimony is outweighed by the danger of confusion or prejudice pursuant to FRE 403. However, even though Hassam is not charged with the two sex trafficking counts, Om Sri Sai, Inc. is charged in both sex trafficking counts, and is alleged to have aided and abetted and conspired to commit sex trafficking. Hassam was the major shareholder in the company. Thus, Evans' testimony is not Rule 404(b) evidence since it was not introduced to show other bad acts or prior crimes of Hassam but to show that the company was engaged in sex trafficking as charged. Evans' testimony is directly relevant to the charges against the company. No doubt that the company can act through the conduct of Hassam as its major owner, and that a corporation, like the entity defendant, can act through its owner.

Evans was a former prostitute who worked for Sirvonn Taylor and was offered by the government as a sex trafficking victim who testified that she engaged in commercial sex acts at the Howard Johnson Hotel in Bartonsville, PA. The Hotel is owned by Om Sri Sai, Inc., and Hassam is the major shareholder in the company. Evans testified that, at times, she and Taylor would stay at the Hotel for weeks for purposes of prostitution and drug activities. Evans admitted that while she was staying at the Hotel she was using drugs, including heroin and cocaine, since she was addicted to drugs and since she did not want to be sober when engaging in prostitution activities. She also stated that the drugs kept her awake.

Evans identified both Bhimani and Hassam in court as men she recognized from Howard Johnson. Evans said that the Howard Johnson was the main hotel she and Taylor used to conduct their illegal activities and that since Taylor knew the owner (she stated Bhimani was the owner) he could get a room there without showing identification.

Evans worked as a prostituted for Taylor starting when she 18 years old up to Taylor's arrest in 2014. Thus, Evans indicated that her prostitution activities for Taylor ended about 6 years before her testimony. She discussed the case with prosecutors and officers about one week before her testimony

by phone for about half an hour and, then she met with them in person the day before her testimony.

Evans testified that during her in-person meeting the day before her testimony, she was shown a single photo of Hassam and no photos of any other "john." Evans clearly, and on two occasions, denied that police put Hassam's identity in her head the day before she testified by showing her the single photo of him. Evans stated that sometimes Bhimani and Hassam would pay her for sex but that she would "mainly" have sex with them for free rooms in the Hotel. (Doc. 159-1 at 26). Specifically, Evans stated that despite her stated circumstances at the Howard Johnson, "I know for a fact he [Hassam] was one of the people I had sex with", "because he's the person that came to my room …." Evans then explained why she would not forget Hassam and stated: "I know he [Hassam] worked at the hotel, and in order for us to get rooms when [Taylor] didn't want to spend his money, we would sleep with those two men [Hassam and Bhimani]. I will not forget their faces, especially the one in the black mask [Bhimani], who didn't provide me medical attention or anything when [Taylor assaulted] me." (Doc. 159-1 at 50).

The court now analyzes the constitutionality of the identification procedures used regarding Evans' testimony and her in court identification of Hassam. To summarize, "[f]irst, the defendant must establish that the identification procedure was unnecessarily suggestive." U.S. v. Nobles, 322 Fed.Appx. 96, 98 (3d Cir. 2009) (citation omitted). "If this element is met, [the court] must then determine, under the totality of the circumstances, whether the identification is reliable, utilizing the five factors enumerated by the Supreme Court in Neil v. Biggers …." *Id.*

Defendants have failed to meet their burden to show that the identification procedures used regarding Evans' testimony and her in court identification of Hassam were unnecessarily suggestive. Evans stated that she did not simply recognize Hassam from the photo she was shown the day before her testimony. Rather, as stated, Evans forcefully testified that she would not forget Bhimani and Hassam. Evans indicated that she and Taylor mainly stayed at the Howard Johnson to conduct their prostitution activities, often weeks at a time. Defendants attack Evans' identification by arguing, in part, that the government failed to ask about the lighting and other details regarding her encounters with Hassam. However, Evans stated that she had face-to-face physical contact with Hassam which occurred over the time she

and Taylor worked out of Howard Johnson and, it was clear that her identification of Hassam was based on her independent recollection of him.

Thus, Evans' in court identification of Hassam did not violate his 5th Amendment due process rights.

Assuming *arguendo* that Evans' in court identification was unnecessarily suggestive based on the single photo of Hassam that officers showed her the day before her testimony, her identification, under the totality of the circumstances, easily satisfies the Biggers factors for reliability.

First, Evans' opportunity to identify Hassam was more than sufficient. She and Taylor stayed at the Howard Johnson on multiple occasions to conduct their prostitution activities over an extended time period, and she had seen Hassam at the hotel and knew he worked there. Evans also testified that she was in close contact with Hassam, for sexual encounters.

Second, even though Evans' drug use and commercial sex acts during the relevant time may have effected how attentive she was, she clearly stated that she had sex with Hassam for free rooms. The fact that Evans was using drugs at the time and saw several men everyday goes to the weight which the jury will give to her testimony but it does not preclude the

admissibility of her in court identification of Hassam and her testimony related to him.

Third, Evans provided officers a prior accurate description of Hassam, before she was shown his photo, stating that he was a non-white older man who she knew worked at Howard Johnson. (Doc. 159-1 at 52-53).

Fourth, Evans' level of certainty at the time of her in court identification was absolute and without hesitation, repeating that "I'm not going to forget [Bhimani's and Hassam's] faces."

Finally, even though there was a time lapse between the cessation of the prostitution activities at Howard Johnson and Evans' in court identification of Hassam, Evans had more than ample time to see Hassam at the hotel, and the fact that Evans testified that she had sex with Hassam is not a fact that she would forget.

### III.   CONCLUSION

Accordingly, the motion of defendants Nazim Hassam and Om Sri Sai, Inc. to strike Kenya Evans' in court identification of Hassam as well as all of her testimony related to Hassam, **(Doc. 159)**, is **DENIED**, as discussed above. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 22, 2020**
17-324-03