**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1436

_____

UNITED STATES OF AMERICA

v.

FAIZAL BHIMANI,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-17-cr-00324-001)
U.S. District Judge: Honorable Malachy E. Mannion

_____

Submitted under Third Circuit L.A.R. 34.1(a)
July 13, 2023

_____

Before: SHWARTZ, RESTREPO, and CHUNG, <u>Circuit Judges</u>.

(Filed: August 10, 2023)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent.

CHUNG, Circuit Judge.

A jury found Faizal Bhimani ("Bhimani") guilty of aiding and abetting sex trafficking, conspiring to commit sex trafficking, conspiring to distribute drugs, and managing two drug-involved premises. At issue here is the admission at trial of evidence from Bhimani's video-recorded interrogation ("the Video"). The District Court preliminarily granted Bhimani's motion to exclude the Video in its entirety because of its hearsay content and prejudicial effect. In so ruling, the District Court left the door open for the Government to later offer a redacted version of the Video consistent with the court's ruling. Following this ruling, Bhimani's case was transferred to another judge who later considered, and granted, the Government's motion to admit a significantly redacted version of the Video. On appeal, Bhimani argues the admission of the redacted Video ran afoul of the law of the case. For the reasons explained herein, we will affirm the District Court's judgment.

## I.  BACKGROUND

In 2017, Bhimani was charged with various offenses following an investigation of sex trafficking and drug sales at two hotels he managed. Upon his arrest, Task Force Officers ("TFOs") advised Bhimani of his Miranda rights which Bhimani waived. In the questioning that followed, the TFOs "encouraged [Bhimani] to tell them the details of the alleged operation" at the two hotels. Appendix ("App.") 16, 22. The TFOs asked Bhimani questions based on statements from witnesses and victims, "often reading the statements verbatim, without giving Bhimani an opportunity to admit or deny"

2

allegations and interjected with their own observations from the investigation.  App. 16.

The entire exchange was recorded.

Before trial, Bhimani's codefendant moved to preclude admission of the Video.

Bhimani moved to join the motion, and on February 13, 2020, the judge presiding over

the case at the time—U.S. District Judge A. Richard Caputo—granted both Bhimani's

motion to join and the underlying motion in limine.  In his Memorandum Order

excluding the Video (hereinafter the "Caputo Order"), Judge Caputo explained that in its

unredacted form, the Video was "so rife with inadmissible hearsay (in the form of

badgering the witness or reading verbatim from witness reports without a response) that

to allow its admission would violate the Federal Rules on hearsay and would be

substantially more prejudicial to the Defendants than it is probative to the case."  App.

19.[1]  Judge Caputo left open the possibility that the Video might later be admitted with

redactions, however, when he specified that defendants' motion was granted without

prejudice and added: "[t]he Government may present a redacted version of the video

which excludes all prejudicial and hearsay portions as described in this Order subject to

any other bars to admissibility."  App. 19.

Shortly after issuing that order, Judge Caputo passed away and Bhimani's case

was reassigned to Judge Malachy Mannion.  Four weeks before trial, the Government

---

[1]    Judge Caputo noted that Bhimani's own admissions, accompanied with corresponding TFO statements for context, could be admissible.  Judge Caputo found, however, that in many portions of the Video, Bhimani made minimal or no responsive statements requiring contextualization.  Judge Caputo further found that the statements in these portions could not be considered admissions by Bhimani as Bhimani had expressed no "intent to adopt the [TFOs'] statements" as his own.  App. 18.

moved to admit a redacted version of the Video.  After Bhimani and his codefendants

expressed their opposition, the District Court "directed the parties to meet and discuss

whether they could agree on further redactions[.]" App. 27.  The parties agreed on

redactions to a point but could not reach complete agreement.  For instance, Bhimani

opposed admitting portions of the Video wherein the TFOs asked him about a mother

who came to one of the hotels looking for her fifteen-year-old daughter.  Bhimani himself

sought the admission of some portions of the Video wherein he offered minimal

responses.

On October 2, 2020, the District Court granted the Government's motion in limine

in part and ruled on outstanding challenges to unredacted portions of the Video.  The

District Court noted "that substantial redactions ha[d] occurred to cull from the video

much of the gratuitous statements, comments and hearsay that was included in the

interrogation questions." App. 41, n.5.  What remained were segments of the Video

wherein the TFOs questioned Bhimani about, among other things, his awareness of

prostitution and drug dealing at the hotels, his response to the mother who came

searching for her daughter, and his interactions with hotel guests who were engaged in

criminal activities, e.g., allowing them to stay in rooms booked by third parties and

notifying them when police were hotel guests.  The District Court explained that these

segments of the Video were admissible as Bhimani's party admissions and it allowed the

inclusion of corresponding TFO statements and questions as context for Bhimani's

4

statements.[2]  Accordingly, the redacted Video was admitted at trial, and on October 23,

2020, the jury returned a guilty verdict for Bhimani on five counts for aiding and abetting

sex trafficking, conspiring to commit sex trafficking, conspiring to distribute drugs, and

managing two drug-involved premises.[3]  Bhimani timely appealed.

## II.  DISCUSSION[4]

On appeal, Bhimani argues that the District Court abused its discretion when it

permitted admission of the redacted Video despite Judge Caputo's preliminary ruling

excluding admission of the unredacted Video.  Bhimani argues the Caputo Order was the

law of the case and should have continued to govern the Video's admissibility.  We

generally "review a trial court's decision to admit or exclude evidence for abuse of

discretion."  United States v. Starnes, 583 F.3d 196, 213–14 (3d Cir. 2009).  But Bhimani

failed to make his law-of-the-case objection before the District Court, so our review is for

plain error.  United States v. Christie, 624 F.3d 558, 567 (3d Cir. 2010).[5]  Under the plain

---

[2]  The District Court further explained that it would "give the jury a limiting
instruction that the statements referenced by the TFO's [sic] during Bhimani's interview
were not offered into evidence to prove the truth of the matter asserted, but offered only
as context and to put Bhimani's statements into perspective."  App. 41, n.5.

[3]  Final judgment was entered on February 24, 2022, imposing a 180-month term of
imprisonment, followed by five years' supervised release.

[4]  The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have
jurisdiction pursuant to 28 U.S.C. § 1291.

[5]  Bhimani and his codefendants argued before the District Court that the redactions
to the Video were insufficient to address the impermissible hearsay and prejudice
identified in the Caputo Order.  They did not argue, however, that the Caputo Order
constituted the law of the case and could not be reconsidered.  By neglecting to
specifically raise a law-of-the-case objection, Bhimani failed to preserve the issue for

error standard, a defendant must show "(1) an error … (2) that was plain, and (3) that affected [his] substantial rights." United States v. Lessner, 498 F.3d 185, 192 (3d Cir. 2007).  If a party can show plain error, we may exercise our discretion to correct the error "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (cleaned up).

Our review of the District Court's decision to admit the redacted Video reveals no erroneous failure to observe the law of the case, let alone an error that is plain or obvious. The Supreme Court has said that "law of the case is an amorphous concept" that generally "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983).  "The law of the case doctrine does not limit a federal court's power; rather, it directs its exercise of discretion." Pub. Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997).  Interlocutory orders are "open to trial court reconsideration, and do not constitute the law of the case." United States ex rel. Petratos v. Genentech Inc., 855 F.3d 481, 493 (3d Cir. 2017) (quoting Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994)).  In this matter, the Caputo Order—which Bhimani claims established the law of the case—excluded without prejudice the unredacted Video and forecasted the possibility of reconsideration

---

appeal.  United States v. Iglesias, 535 F.3d 150, 158 (3d Cir. 2008) (explaining that a party fails to preserve an evidentiary issue for appeal by making the wrong objection); see also United States v. Fluker, 698 F.3d 988, 997–98 (7th Cir. 2012) (explaining the importance of identifying the basis of an objection with specificity).

upon redaction. This nonfinal order did not trigger the law of the case. Id.[6] Bhimani

argues that the Caputo Order, if not actually final, should be treated as final, because it

was in effect for seven months leading up to his October 2020 trial. But he offers no

compelling support for that argument.[7]

Further, even if the Caputo Order had been final, courts need not apply the law of

the case in circumstances where: (1) "a successor judge ... entertain[s] a timely motion to

reconsider the conclusions of an unavailable predecessor"; (2) "new evidence is available

---

[6]   Bhimani would also lose on appeal if we were to review the District Court's
decision for abuse of discretion, as he argues we should. "An abuse of discretion occurs
only where the district court's decision is 'arbitrary, fanciful, or clearly unreasonable'—
in short, where 'no reasonable person would adopt the district court's view.'" United
States v. Green, 617 F.3d 233, 239 (3d Cir. 2010) (quoting Starnes, 583 F.3d at 214).
The District Court's decision to admit the Video with redactions was not unreasonable or
arbitrary and was consistent with the Caputo Order's express suggestion that redaction
might remedy the Video's hearsay and potential prejudice problems. In admitting the
redacted Video, the District Court explained that the TFO statements giving rise to the
concerns expressed in the Caputo Order had been excised. For example, redactions
eliminated a segment wherein Bhimani gave a minimal response ("Maybe") when
confronted with a prostitute's statement that Bhimani insulated those engaged in criminal
conduct by placing them in the hotel's smoking section. M.D. Pa. 3-17-cr-00324-001,
Doc. No. 136-1, at 21–22. The District Court's order reflects a full review of the
redacted Video and consideration of all party arguments, and we find no basis to
conclude the Court abused its discretion.

[7]   Bhimani argues the District Court's departure from the Caputo Order so soon
before trial affected his "due process right to have adequate time to prepare his defense."
Bhimani Br. 23–24. He cites Ungar v. Sarafite, wherein the Supreme Court addressed the
due process implications of denying a request for a continuance. 376 U.S. 575, 589–91
(1964). That case is inapposite. There is no indication in the record that Bhimani asked
for or was denied a continuance to adjust his defense strategy once it became clear the
District Court would reassess the Video's admissibility with redactions. And to the
extent that Bhimani counted on the Caputo Order's purported or effective finality to
prepare his defense, the explicitly nonfinal nature of the order made his reliance ill-
founded.

7

to the second judge when hearing the issue" (because the new evidence means the precise question is being "posed for the first time"); (3) the court has "a duty to apply a supervening rule of law despite its prior decisions to the contrary when the new legal rule is valid and applicable to the issues of the case"; or (4) "the decision was clearly erroneous and would work a manifest injustice."  Schultz v. Onan Corp., 737 F.2d 339, 345 (3d Cir. 1984) (quoting Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 169–70 (3d Cir. 1982); Arizona, 460 U.S. at 618 n.8).

We perceive no plain error for Judge Mannion, "a successor judge," to evaluate a "timely motion to reconsider the conclusions of an unavailable predecessor[.]"  Sarokin, 669 F.2d at 169.  Bhimani here again points to the half-year that elapsed before the Government moved to admit a redacted version of the Video, this time to argue the Government's motion was not a *timely* request to a successor judge for reconsideration. Bhimani has offered no support for this argument, and we do not find the District Court plainly erred in considering the motion.  The Government filed its motion four weeks before trial and well within the timeframe many trial courts consider such matters.  See e.g., United States v. Shaner, No. 3:18-CR-35, 2020 WL 6700954, at *1 (M.D. Pa. Nov. 13, 2020) (Mannion, J.) (describing the district court's deadline for motions in limine, set for one month prior to trial); United States v. Manfredi, Criminal No. 07-352, 2008 WL 2622901, at *1 (W.D. Pa. June 27, 2008) (describing chambers' default motions in limine deadline as two weeks in advance of trial); Shropshire v. Shaneyfelt, No. 12cv1657, 2013 WL 7850541, at *1 (W.D. Pa. Oct. 16, 2013) (noting the court's final deadline for remaining motions in limine was set for eighteen days before trial); cf. Williams v.

Runyon, 130 F.3d 568, 573 (3d Cir. 1997) (explaining the district court erred by revisiting a case-dispositive issue it had ruled on before trial "*after* trial" because that timing prejudiced the plaintiff in her presentation of her case to the jury); 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 4478.1 (3d ed. 2023) ("Pretrial rulings may be reconsidered not only during continuing pretrial proceedings but also at or after trial.").

Because Bhimani has not established any plain or obvious error in the District Court's decision to admit the Video with redactions, he has no basis for relief.

### III. CONCLUSION

For the foregoing reasons, the District Court did not plainly err in admitting the redacted Video at Bhimani's trial.  Accordingly, we will affirm the judgment.